**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYN RANDOM,<br><br>　　　　　Plaintiff(s),<br>　v.<br><br>CITIGROUP, INC., et. al.,<br><br>　　　　　Defendant(s).<br>_____/ | CASE NO. 5:12-cv-03930 EJD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR PERMISSION TO RECORD LIS PENDENS**<br><br>[Docket Item No(s). 2] |

Presently before the court is Plaintiff Rayn Random's ("Plaintiff") ex parte request to record a lis pendens against unidentified real property located in Monterey County, California. See Docket Item No. 2. From what can be discerned, Plaintiff seeks to record a lis pendens against the property due to the pendency of the instant litigation. Because she is proceeding *pro se*, California Code of Civil Procedure 405.21 requires Plaintiff to obtain the court's permission prior to encumbering the property.

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. A "real property claim" is a cause of action "in a pleading which would, if meritorious, affect . . . title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4.

The court has reviewed the Complaint, which alleges three causes of action: (1) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et. seq., (2) source of income discrimination, and (3) disparate impact. None of these causes of action can affect the title to specific real property

1
CASE NO. 5:12-cv-03930 EJD
ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR PERMISSION TO RECORD LIS PENDENS

since only damages may be awarded if Plaintiff was successful. Indeed, Plaintiff seeks only damages in her prayer for relief; a specific parcel of property is nowhere identified in the Complaint. Nor does Plaintiff explain how this litigation could affect the title to any parcel of property.

Accordingly, the court finds that Plaintiff has not asserted a "real property claim" as that phrase is defined by California Code of Civil Procedure § 405.4. Since such a claim is a prerequisite to the recording of a lis pendens, Plaintiff's ex parte request is DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2012



EDWARD J. DAVILA
United States District Judge

2
CASE NO. 5:12-cv-03930 EJD
ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR PERMISSION TO RECORD LIS PENDENS