**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYN RANDOM,<br><br>             Plaintiff(s),<br>  v.<br><br>CITIGROUP, INC., et. al.,<br><br>             Defendant(s). | CASE NO. 5:12-cv-03930 EJD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR PERMISSION TO RECORD LIS PENDENS**<br><br>[Docket Item No(s). 2] |

Presently before the court is Plaintiff Rayn Random's ("Plaintiff") ex parte request to record a lis pendens against unidentified real property located in Monterey County, California. See Docket Item No. 2. From what can be discerned, Plaintiff seeks to record a lis pendens against the property due to the pendency of the instant litigation. Because she is proceeding *pro se*, California Code of Civil Procedure 405.21 requires Plaintiff to obtain the court's permission prior to encumbering the property.

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. A "real property claim" is a cause of action "in a pleading which would, if meritorious, affect . . . title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4.

The court has reviewed the Complaint, which alleges three causes of action: (1) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et. seq., (2) source of income discrimination, and (3) disparate impact. None of these causes of action can affect the title to specific real property

1
CASE NO. 5:12-cv-03930 EJD
ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR PERMISSION TO RECORD LIS PENDENS

1 since only damages may be awarded if Plaintiff was successful.  Indeed, Plaintiff seeks only
2 damages in her prayer for relief; a specific parcel of property is nowhere identified in the Complaint.
3 Nor does Plaintiff explain how this litigation could affect the title to any parcel of property.
4     Accordingly, the court finds that Plaintiff has not asserted a "real property claim" as that
5 phrase is defined by California Code of Civil Procedure § 405.4.  Since such a claim is a prerequisite
6 to the recording of a lis pendens, Plaintiff's ex parte request is DENIED.
7 **IT IS SO ORDERED.**

9 Dated: September 11, 2012



EDWARD J. DAVILA
United States District Judge